UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,        :        CASE NO. 4:06-CR-106
                                            :
            Plaintiff,                      :
                                            :
vs.                                         :        ORDER & OPINION
                                            :        [Resolving Doc. No. 53]
ERIC BALLARD,                      :
                                            :
            Defendant.                      :
                                            :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Order and Opinion, the Court decides whether, pursuant to Rule 33 of the Federal

Rules of Criminal Procedure, to grant Defendant Eric Ballard's ("Ballard") second motion to vacate

his sentence or allow a new trial following his submission of additional evidence after the jury

returned a verdict against him. Ballard argues that this "new" evidence forms a sufficient basis for

the Court to grant his Rule 33 motion. For the reasons presented below, the Court **DENIES**

Ballard's motion.

## I.  Background

On February 22, 2006, a Youngstown police officer stopped Defendant Ballard's vehicle

after observing him drive through several red lights. [Doc. 49.] Ballard's cousin, Edward Ramon

Sadler, was a passenger in the car at the time of the police stop. *Id.* As the vehicle pulled to the side

of the road, the police officer believed that he saw Ballard drop a gun into a yard adjacent to the

stopped car. *Id.* The police officer then arrested Ballard for possession of a firearm as a convicted

Case No. 4:06-CR-106
Gwin, J.

felon. *Id.*

On March 1, 2006, the Government filed an indictment against Defendant Ballard that

charged him with possession of a firearm in violation of Section 922(g)(1) of Title 18 of the United

States Code. [Doc. 1.]  Ballard pled not guilty to the charge and his case proceeded to trial. [Docs.

10, 33, 34.]  At the trial, the jury heard testimony of witnesses for the defense that Sadler admitted

to owning the firearm at issue and throwing it out of the car on February 22, 2006.  *See, e.g.*, Trial

Tr. 234-40, May 23, 2006.  The jury also heard testimony of the Government's witnesses that

discredited Sadler's purported admission.  *See, e.g.*, Trial Tr. 88-89, 119, May 22, 2006.

The jury deliberated on both sides' evidence and found Ballard guilty as charged. [Doc. 37.]

On June 2, 2006, Ballard moved the Court for a judgment of acquittal or, in the alternative, a new

trial. [Doc. 39.]  On August 4, 2006, the Court denied Ballard's motion, noting that the case turned

largely on the issue of the credibility, including that of Sadler's alleged admission to owning and

throwing the gun out of the car's window, and that the jury had heard this testimony at trial and

discredited it. [Doc. 49.]

On August 30, 2006, Ballard's counsel received a notarized affidavit signed by Sadler, who,

as described above, was in the car with Ballard and had earlier given indications that he, not Ballard,

possessed the firearm. [Doc. 53.]  In his affidavit, Sadler alleged full responsibility for possessing

the firearm that formed the basis of Ballard's indictment. *Id.*  In full, Sadler's affidavit reads as

follows:

> Me and Erick Ballard were riden [sic] up Oak Hill Ave. at 1:30 a.m.
> Feb. 22, 06 where I was the passenger of the vehicle and I threw the
> gun out of the window and the officer blamed the gun on Mister
> Ballard[.] The gun was mine not Mister Ballard['s.]

Case No. 4:06-CR-106
Gwin, J.

*Id.*

On August 31, 2006, based on this additional evidence, Ballard filed a second motion for judgment of acquittal or, in the alternative, a new trial. *Id.* In his second motion, Ballard argues that Sadler's affidavit shows that he, and not Ballard, had sole possession of the firearm. *Id.* Ballard says that Sadler's affidavit should exonerate him from the felon-in-possession charge because it establishes sufficient evidence of Defendant Ballard's innocence. *Id.* Ballard argues that allowing the jury's verdict to stand is "against the manifest weight of the evidence" and, as such, contravenes, Rule 33 of the Federal Rules of Criminal Procedure. *Id.* The Government disagrees. [Doc. 55.]

## II. Legal Standard

Rule 33 of the Federal Rules of Criminal Procedure states that the Court may "grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Sixth Circuit precedent accords broad discretion to the trial judge in determining whether to grant such a motion. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988). Precedent commands, however, that "[t]he Court should exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Id.* In deciding a Rule 33 motion for acquittal or a new trial, the Court may act in the role as a "thirteenth juror" in assessing the credibility of the witnesses and the weight of the evidence to insure no miscarriage of justice occurs. *See, e.g.*, *United States v. Ruiz Solorio*, 337 F.3d 580, 589 (citing *Ashworth*).

## III. Analysis

Sadler's affidavit does not create a weight of evidence that "preponderates heavily against the verdict." The affidavit represents neither "new," nor compelling, evidence that addresses the

Case No. 4:06-CR-106
Gwin, J.

problems of credibility central to this case.  Consequently, Sadler's affidavit does not create an "extraordinary circumstance" that warrants the Court's exercise of its discretion under Rule 33.

With Sadler's affidavit, Ballard does not present "new" evidence.  As discussed in detail in the Court's August 4, 2006 Order, the jury learned of Sadler's apparent admission through the testimony of Youngstown Police Officer Steven Gambata and Attorney Al Palomboro.  Sadler's affidavit does not contribute any novel facts or theories to the case and, as a result, does not affect the weight of the case's evidence.  Thus, Sadler's statement does not implicate the "interest of justice" and provides no basis for the Court to grant Ballard's Rule 33 motion.

Further, Sadler's affidavit does not make his apparent admission any more credible.  As stated in its August 4, 2006 Order, the Court continues to find it unlikely that, had Sadler tossed the firearm from the vehicle as he claims, the gun could have traversed across a vacant lot, tumbled over a driveway, and rolled into the next yard, and come to a stop at a location immediately adjacent to the spot where Ballard stood as police officers approached him.  Sadler's saying that he threw the gun does not lessen the physical improbability of his assertion.  On the contrary, and as found by the jury, the weight of the evidence lends far greater support to the conclusion that Ballard dropped the firearm after exiting the vehicle and after going to a location adjacent to the place where the police found the gun.  Accordingly, the Court finds that the jury's determination does not contravene the weight of the evidence. even after consideration of the impact and merit of Sadler's affidavit.  Thus, the Court allows the jury's verdict against Ballard to stand and will not order a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

IV.  Conclusion

Case No. 4:06-CR-106
Gwin, J.

For these reasons, the Court **DENIES** Defendant Ballard's second motion for judgment of

acquittal or, in the alternative, a new trial.

IT IS SO ORDERED.

Dated: November 26, 2006                    s/            *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE