UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                         :

UNITED STATES OF AMERICA,     :

          Plaintiff,       :     CASE NO. 4:06-CR-106

                         :

          v.           :     OPINION & ORDER

                         :     [Resolving Doc. Nos. 74, 79, 80, & 82]

ERIC BALLARD,               :

          Defendant.     :

                         :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Eric Ballard moves *pro se* under 28 U.S.C. § 2255 to vacate his 105-month prison sentence for his felon-in-possession conviction, claiming ineffective assistance of his trial and appellate counsel. [Doc. 74] Magistrate Judge James S. Gallas recommends that this Court deny Ballard's motion. [Doc. 80.] Ballard does not object to the magistrate judge's report and recommendation; rather, he moves for leave to amend his motion, seeking to add two additional grounds: (1) that his sentence was substantively unreasonable, and (2) that the Bureau of Prisons is calculating his sentence unlawfully. [Doc. 82.] Ballard also moves the Court to appoint counsel for him for these post-conviction proceedings. [Doc. 75.] For the reasons below, the Court **ADOPTS** the magistrate judge's report and recommendation, **DENIES** Ballard's motion to vacate, **DENIES** Ballard's motion for leave to amend, and **DENIES** Ballard's motion to appoint counsel.

Ballard's ineffective assistance challenges to his sentence are unavailing. As a threshold matter, by failing to object within fourteen days to the magistrate judge's R&R rejecting his

Case No. 4:06-CR-106
Gwin, J.

ineffective assistance arguments, Ballard has waived those challenges.  *See* 28 U.S.C. § 636(b)(1)(C);

Fed. R. Civ. P. 72(a); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Moreover, even if Ballard had timely objected, his ineffective assistance challenges fail on

the merits.  Ballard's first argument—that his counsel was constitutionally ineffective because she

raised the same arguments at trial and again on appeal—is frivolous.  A party who fails to raise an

issue before the district court confronts the discretionary and enormously deferential "plain error"

standard on appeal, *see* Fed. R. Crim. P. 52(b), so raising the same issues at trial and on appeal is the

mark of effective—not ineffective—counsel.

Second, Ballard argues that his counsel failed to obtain a plea deal for him.  Even if Ballard's

allegation were true, it would not be a basis for vacating his sentence because he has failed to show

that his sentence would have been different under a plea agreement.  *See United States v. Morrow*,

977 F.2d 222, 229-30 (6th Cir. 1992) (defendant must show "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.") (internal

quotation marks omitted).

Third, Ballard contends that, as a result of his counsel's deficient performance, the district

court erroneously (1) prohibited him from calling as a witness his cousin Edward Sadler, who was

with Ballard at the time of Ballard's arrest, after Sadler indicated that he would invoke his Fifth

Amendment privilege against self-incrimination, and (2) declined to inform the jury that Sadler had

invoked the privilege (from which, Ballard argues, the jury could have inferred Sadler's culpability).

But these two rulings were unrelated to Ballard's counsel's performance.  In any event, as the Sixth

Circuit held on Ballard's direct appeal, neither ruling was erroneous.  *United States v. Ballard*, 280

Case No. 4:06-CR-106
Gwin, J.

F. App'x 468, 470-71 (6th Cir. 2008).

Additionally, Ballard seeks to amend his § 2255 motion by adding two new grounds.  But because Ballard filed his proposed amendments on May 12, 2010, more than one year after the Sixth Circuit affirmed his conviction on May 30, 2008, his amendments are barred by 28 U.S.C. § 2255(f)'s one-year limitations period.  Moreover, the grounds Ballard seeks to add (substantive unreasonableness and unlawful calculation of his sentence) do not relate back to the grounds in his timely original motion (ineffective assistance of counsel).  *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Finally, Ballard moves the Court to appoint counsel for him for these post-conviction proceedings. [Doc. 75.] But Congress mandates appointment of counsel in § 2255 proceedings only when the defendant faces a capital sentence—which Ballard does not.  *See* 18 U.S.C. § 3599(a)(2). In non-capital § 2255 motions, indigent defendants have a right to appointed counsel only when "the interests of justice so require." 18 U.S.C. § 3006A.  Here, the Court finds that because the issues presented in Ballard's § 2255 motion are straightforward, the interests of justice do not require the appointment of counsel.

Thus, for the reasons above, the Court **ADOPTS** the magistrate judge's R&R, **DENIES** Ballard's motion to vacate, **DENIES** Ballard's motion to amend, and **DENIES** Ballard's motion to

Case No. 4:06-CR-106
Gwin, J.

appoint counsel.

        IT IS SO ORDERED.


Dated: July 2, 2010                    s/          *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE