UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :        CASE NO. 4:06-CR-00106
                        Plaintiff,                  :
                                                    :
            v.                                      :        OPINION & ORDER
                                                    :        [Resolving Doc. No. 92]
ERIC BALLARD,                                       :
                                                    :
                        Defendant.                  :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Eric Ballard moves *pro se* for a reduction of his 105 month prison sentence for his felon-in-possession conviction and for imposition of a concurrent, rather than consecutive, sentence. [Doc. 92.]

On September 5, 2006, this Court sentenced Ballard to 105 months imprisonment, following a jury verdict finding Ballard guilty on a felon-in-possession charge. [Doc. 56; Doc. 37.] On September 15, 2006, Ballard filed a notice of appeal of his conviction to the Sixth Circuit Court of Appeals. [Doc. 58.]  The Sixth Circuit affirmed this Court's judgment. [Doc. 72.] On August 26, 2009, Ballard petitioned to vacate his sentence under 28 U.S.C. § 2255. [Doc. 74.] This Court adopted Magistrate Judge James S. Gallas's Report and Recommendation, and denied Ballard's habeas petition. [Doc. 83.] On July 16, 2010, Ballard filed a notice of appeal of that decision to the Sixth Circuit. [Doc. 86.] He moved for a Certificate of Appealability that same day, [Doc. 87], which this Court denied, [Doc. 88].  The Court also denied, for lack of jurisdiction, Ballard's subsequent motion to recall the Magistrate Judge's Report and Recommendation. [Doc. 91.]

Case No. 4:06-CR-00106
Gwin, J.

Ballard now argues that he should have received a lesser sentence because the U.S. Sentencing Guidelines should give less weight to retributive considerations.  Ballard also requests that the Court clarify whether his 105 months sentence was to be served concurrent with or consecutive to a previously-imposed state sentence, and further argues that any ambiguity on this issue should be resolved to impose a concurrent sentence. [Doc. 92 at 2-3.] Finally, Ballard says that because his previous federal sentence for a possession of body armor conviction was imposed concurrent to a parole violation sanction, the Court should not have considered that conviction in calculating Ballard's criminal history category at sentencing. Ballard thus requests a two point reduction in his criminal history calculation and a consequent reduction in sentence. [Doc. 92 at 5-6.]

This Court is without jurisdiction to consider Ballard's motion.  First, "a sentencing judge loses jurisdiction over a prisoner once he has begun to serve his sentence." *Rodger v. White*, No. 89-5720, 1990 WL 95624, at *4 (6th Cir. July 11, 1990) (citing *United States v. Adams*, 362 F.2d 210, 211 (6th Cir. 1966) and *Stone v. United States*, 295 F.2d 241 (6th Cir. 1961)).  Though a sentencing judge retains jurisdiction to correct an illegal sentence, *Rodger*, 1990 WL 95624 at *4, n. 4, Ballard does not argue that his sentence was illegally imposed.  Rather, he takes issue with policy considerations behind his sentence, with consecutive, versus concurrent, imposition of his sentence, and argues that the Court should not have taken a valid conviction into account upon sentencing.

Moreover, filing a notice of appeal operates to divest the district court of jurisdiction until the Court of Appeals remands the case. *See United States v. Garcia-Robles*, 562 F.3d 763, 767 (6th Cir. 2009); *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007).  Ballard filed a timely notice of appeal to the Sixth Circuit on July 16, 2010. [Doc. 86.] Though this Court denied Ballard's

-2-

Case No. 4:06-CR-00106
Gwin, J.

motion for a Certificate of Appealability, [Doc. 88], his case remains pending in the Sixth Circuit.

Finally, Ballard may not seek to relitigate any argument raised on direct appeal to the Sixth Circuit or raise an argument that he could have but did not raise on direct appeal, absent a showing of highly exceptional circumstance such as an intervening change in law or a showing of actual innocence.  *See Jones v. United States., 178 F.3d 790, 796 (6th Cir. 1999); see also Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Ballard took an appeal to the Sixth Circuit Court of Appeals from his sentencing and judgment on September 15, 2006. [Doc. 58; Doc. 59.] Having received the Sixth Circuit's decision affirming this Court's judgment, [Doc. 72; Doc. 73], Ballard may not now make any argument that he made or could have made on direct appeal.  Ballard does not argue that he is actually innocent of the crime for which he was convicted; he does not rest his arguments on any intervening change in law; and he does not identify any argument that was not otherwise available to make on appeal.

Accordingly, this Court **DENIES** Ballard's motion for lack of jurisdiction.

IT IS SO ORDERED.


Dated:  January 24, 2011            *s/    James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE JUDGE