UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA, :
: CASE NO. 4:06-CR-00106
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 95]
ERIC BALLARD, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Eric Ballard moves *pro se* for a reduction of his 105 month prison sentence for his felon-in-possession conviction, for imposition of a federal sentence concurrent to a previously-imposed state sentence, and for clarification that Ballard should receive credit for time served. [Doc. 95.]

On September 5, 2006, this Court sentenced Ballard to 105 months imprisonment, following a jury verdict finding Ballard guilty on a felon-in-possession charge. [Doc. 56; Doc. 37.] On September 15, 2006, Ballard filed a notice of appeal of his conviction to the Sixth Circuit Court of Appeals. [Doc. 58.] The Sixth Circuit affirmed this Court's judgment. [Doc. 72.] On August 26, 2009, Ballard petitioned to vacate his sentence under 28 U.S.C. § 2255, [Doc. 74], which this Court denied, [Doc. 83]. Although this Court denied Ballard's motion for a certificate of appealability, [Doc. 88], on July 16, 2010, Ballard appealed the Court's decision to the Sixth Circuit. [Doc. 86.]

On January 18, 2011, pending the Sixth Circuit's resolution of Ballard's appeal, Ballard moved this Court to reduce his sentence and to clarify that the sentence should be served concurrent

-1-

Case No. 4:06-CR-00106
Gwin, J.

to a previously-imposed state sentence. [Doc. 92.] The Court denied his motion for lack of jurisdiction. [Doc. 93.] On February 18, 2011, the Sixth Circuit, construing Ballard's appeal as an application for a certificate of appealability, denied Ballard's application. [Doc. 94.]

Ballard now renews his argument that he should have received a lesser sentence because the United States Sentencing Guidelines should give less weight to retributive considerations. [Doc. 95 at 1-3.] In addition, Ballard again requests that the Court clarify whether his 105 months sentence was to be served concurrent with or consecutive to a previously-imposed state sentence, and further argues that any ambiguity on this issue should be resolved to impose a concurrent sentence. [Doc. 95 at 3-5, 6.] Finally, Ballard says that because his previous federal sentence for a possession of body armor conviction was imposed concurrent to a parole violation sanction, the Court should not have considered that conviction in calculating Ballard's criminal history category at sentencing. [Doc. 95 at 5-6.]

As the Court stated in its June 24, 2011 Opinion and Order, [Doc. 93], Ballard's motion fails for two primary reasons. First, "a sentencing judge loses jurisdiction over a prisoner once he has begun to serve his sentence." *Rodger v. White*, 907 F.2d 151 (6th Cir. 1990) (citing *United States v. Adams*, 362 F.2d 210, 211 (6th Cir. 1966) and *Stone v. United States*, 295 F.2d 241 (6th Cir. 1961)) (table). Though a sentencing judge retains jurisdiction to correct an illegal sentence, *Rodger*, 1990 WL 95624 at *4, n. 4, Ballard does not argue that his sentence was illegally imposed. Rather, he takes issue with policy considerations behind his sentence, with consecutive (versus concurrent) imposition of his sentence, and argues that the Court should not have taken a valid conviction into account upon sentencing.

Moreover, Ballard may not seek to relitigate any argument raised on direct appeal to the Sixth

-2-

Case No. 4:06-CR-00106
Gwin, J.

Circuit or raise an argument that he could have but did not raise on direct appeal, absent a showing of highly exceptional circumstance such as an intervening change in law or a showing of actual innocence. *See Jones v. United States., 178 F.3d 790, 796 (6th Cir. 1999); see also Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Ballard took an appeal to the Sixth Circuit Court of Appeals from his sentencing and judgment on September 15, 2006. [Doc. 58; Doc. 59.] Having received the Sixth Circuit's decision affirming this Court's judgment, [Doc. 72; Doc. 73], Ballard may not now make any argument that he made or could have made on direct appeal. Ballard does not argue that he is actually innocent of the crime for which he was convicted; he does not rest his arguments on any intervening change in federal law; and he does not identify any argument that was not otherwise available to make on appeal.

Accordingly, this Court **DENIES** Ballard's motion.

IT IS SO ORDERED.

Dated: August 31, 2011   s/   *James S. Gwin*
  JAMES S. GWIN
  UNITED STATES DISTRICT JUDGE